

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,569-01

### EX PARTE DARREN SCOTT MONROE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-11-8929 IN THE 24TH DISTRICT COURT
### FROM JACKSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault - family violence and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because he was misadvised regarding parole eligibility by his counsel. Applicant also alleges counsel failed to advise Applicant of the consequences of his plea and failed to file a notice of appeal upon Applicant's request. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As we held in *Ex*

*parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make findings of fact and conclusions of law as to whether counsel coerced Applicant into pleading guilty and whether counsel: (1) made representations on the amount of time Applicant would have to serve, (2) made representations that Applicant would receive pre-sentence jail time, (3) made representations that Applicant's case would not be treated as aggravated, (4) failed to advise Applicant as to the consequences of his plea; and, (5) failed to file a notice of appeal after Applicant expressed a desire to appeal his conviction and sentence. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish